IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                        |     |                      |
|------------------------|-----|----------------------|
| PAMELA D. FARMER,      | ◊   |                      |
|                        | ◊   |                      |
|       Plaintiff,       | ◊   |                      |
|                        | ◊   |                      |
| vs.                    | ◊   | No. 11-3109-JPM-dkv  |
|                        | ◊   |                      |
| FEDEX EXPRESS,         | ◊   |                      |
|                        | ◊   |                      |
|       Defendant.       | ◊   |                      |
|                        | ◊   |                      |

---

ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS
(DOCKET ENTRY 16)
ORDER DENYING REMAINING MOTIONS AS MOOT
(DOCKET ENTRIES 15 & 27)
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER ASSESSING APPELLATE FILING FEE

---

On December 20, 2011, Plaintiff Pamela D. Farmer, a resident of Millington, Tennessee, filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., along with a motion for appointment of counsel. (Docket Entries ("D.E.") 1 & 3.) Plaintiff paid the filing fee. (D.E. 2.) On January 5, 2012, the Court entered an order denying the motion for appointment of counsel and directing Plaintiff to effect service on Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. (D.E. 7.)

On December 20, 2011, a summons was issued for FedEx Express. (D.E. 5.) On December 21, 2011, Plaintiff filed a proof of service stating that she mailed the summons through the United States

Postal Service to FedEx Express, 3660 Hacks Cross Road, Building F,

3rd Floor, Memphis, TN 38125. (D.E. 6.) Plaintiff alleged that the

summons and complaint were received by "Charles Ashford" on

December 22, 2011. (Id.)

On January 12, 2012, Defendant Federal Express Corporation

a/k/a FedEx Express ("FedEx Express") filed a motion to dismiss

Plaintiff's complaint for insufficient service of process[1] and

because Plaintiff was not employed by FedEx Express.[2]  (D.E. 8.)

Plaintiff responded to the motion by filing an amended complaint

(D.E. 9), that the Court construed as a motion to amend the

complaint to name the correct defendant, and a response to the

motion to dismiss. (D.E. 14.)  On February 17, 2012, the Court

granted Plaintiff's motion to amend the complaint, granted

---

[1]      Defendant contended that Plaintiff's attempt to serve FedEx Express
was not sufficient service of process in accordance with Fed. R. Civ. P. 4
because it was not addressed to a specific officer or managing agent of the
company. (D.E. 8-1 at 3.)  Defendant relied on the Declaration of Coann Sims
Ressler, a FedEx senior paralegal specialist, to demonstrate that "Charles
Ashford" worked at FedEx Express as an outside vendor employed by Pitney Bowes.
(D.E. 8-1 at 3-4; D.E. 8-3, Declaration of CoAnn Sims Ressler.)  Defendant
contended that actual knowledge of a lawsuit was not a substitute for proper
service and that Plaintiff failed to meet the state law requirements for service
of process, incorporated through Fed. R. Civ. P. 4(e)(1) because she failed to
address the summons to an individual as required by Tenn. R. Civ. P. 4.04(4).
(D.E. 8-1 at 3-4.)  Further, Defendant contended that Fed. R. Civ. P. 4(h)(1)
prohibits service of process from being effected "merely by mailing a copy of the
summons and complaint to the corporation where it can be received along with
general mail by lower level employees who have no authority and responsibility
for accepting service." (Id. at 4, citing Taylor v. the Stanley Works, No. 4:01-
cv-120, 2002 U.S. Dist. LEXIS 26892, at **14-15 (E.D. Tenn. July 16, 2002.)

[2]      Defendant contended that FedEx Express was not Plaintiff's employer
during the relevant time periods covered by her complaint. (D.E. 8-1 at 2.)
Defendant alleged that Plaintiff was employed by FedEx TechConnect, a separate
and distinct company from FedEx Express, from June 1, 2006 until her termination
on March 12, 2009. (Id. at 3; D.E. 8-2, Declaration of Clement E. Klank III.)

Defendant FedEx Express' motion to dismiss, and ordered Plaintiff to effect service on the proper defendant. (D.E. 17.)

Plaintiff's amended complaint named FedEx Customer Information Services, Inc ("FCIS") and FedEx Corporate Services, Inc. as Defendants. (D.E. 9.) Plaintiff stated that she was initially employed by FedEx Express, but her division was moved to FCIS on June 1, 2006. (D.E. 14 at 1, 3.) Plaintiff declined to name FedEx TechConnect as the Defendant.

On February 1, 2012, Plaintiff filed an executed summons issued to Daniel Riederer, an attorney for, and current employee of, FedEx Express. (D.E. 12.) The same day, Plaintiff also filed an executed summons issued to Mary Beard, an attorney for and current employee of FedEx Services. (D.E. 13.) On March 6, 2012, Plaintiff filed an executed summons issued to Jack Henderson, a Human Resources Advisor currently employed by FedEx Services. (D.E. 20.) On March 9, 2012, Plaintiff filed an executed summons issued to Genia Seavers, a Director of Administration currently employed by FedEx Services. (D.E. 23.) On that same date, Plaintiff filed an executed summons issued to Catherine Banks, a Human Resources Advisor currently employed by FedEx Express.

On February 6, 2012, Defendant filed a second motion to dismiss Plaintiff's amended complaint. Defendant contends that Plaintiff cannot state a claim against FCIS or FedEx Corporate Services, Inc. because they did not employ Plaintiff during the

relevant time period of the complaint. (D.E 16 at 1.) Defendant

contends that FCIS does not exist. (Id.) Defendant previously filed

the declaration of Clement E. Klank III, stating that FCIS changed

its name to FedEx TechConnect, Inc. on December 1, 2010. (D.E. 8-2

at 2.)  Defendant alleges that FedEx TechConnect, Inc. has not been

properly served through its registered agent for service of

process. (Id.)

On February 29, 2012, Plaintiff responded to Defendant's

second motion to dismiss. (D.E. 18.) Despite the Court's previous

dismissal of Defendant FedEx Express, Plaintiff continues to allege

that she was employed by FedEx Express, effective June 1, 1992.

Plaintiff contends that she has "issued effective service via

United States Postal Service inclusive of naming specific officers

for Defendant" and relies on Tenn. R. Civ. P. 4.04(10). (D.E. 18 at

1-2.)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the

legal sufficiency of the complaint. Riddle v. Egensperger, 266 F.3d

542, 550 (6th Cir. 2001). The standard for assessing a Rule

12(b)(6) motion is as follows:

> Federal Rule of Civil Procedure 8(a)(2) requires
> only "a short and plain statement of the claim showing
> that the pleader is entitled to relief," in order to
> "give the defendant fair notice of what the . . . claim
> is and the grounds upon which it rests," Conley v.
> Gibson, 355 U.S. 41, 47 . . . (1957). While a complaint
> attacked by a Rule 12(b)(6) motion to dismiss does not
> need detailed factual allegations, ibid.; Sanjuan v.
> American Bd. of Psychiatry and Neurology, Inc., 40 F.3d
> 247, 251 (C.A. 7 1994), a plaintiff's obligation to

provide the "grounds" of his "entitle[ment] to relief"
requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action
will not do, see <u>Papasan v. Allain</u>, 478 U.S. 265, 286 .
. . (1986) (on a motion to dismiss, courts "are not bound
to accept as true a legal conclusion couched as a factual
allegation"). Factual allegations must be enough to raise
a right to relief above the speculative level, see 5 C.
Wright & A. Miller, <u>Federal Practice and Procedure</u> §
1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright &
Miller) ("[T]he pleading must contain something more . .
. than . . . a statement of facts that merely creates a
suspicion [of] a legally cognizable right of action"), on
the assumption that all the allegations in the complaint
are true (even if doubtful in fact), see, <u>e.g.</u>,
<u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 508, n. 1, .
. . (2002); <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 . . .
(1989) ("Rule 12(b)(6) does not countenance . . .
dismissals based on a judge's disbelief of a complaint's
factual allegations"); <u>Scheuer v. Rhodes</u>, 416 U.S. 232,
236 . . . (1974) (a well-pleaded complaint may proceed
even if it appears "that a recovery is very remote and
unlikely").

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 554, 555-56 (2007) (footnote

omitted).  The Supreme Court has explained that the notice pleading

rules do not eliminate a plaintiff's obligation to set forth some

factual basis for his or her claims:

> While, for most types of cases, the Federal Rules [of
> Civil Procedure] eliminated the cumbersome requirement
> that a claimant "set out <u>in detail</u> the facts upon which
> he bases his claim," <u>Conley v. Gibson</u>, 355 U.S. 41, 47 .
> . . (1957) (emphasis added), Rule 8(a)(2) still requires
> a "showing," rather than a blanket assertion, of
> entitlement to relief. Without some factual allegation in
> the complaint, it is hard to see how a claimant could
> satisfy the requirement of providing not only the "fair
> notice" of the nature of the claim, but also "grounds" on
> which the claim rests. See 5 Wright & Miller § 1202, at
> 94, 95 (Rule 8(a) "contemplate[s] the statement of
> circumstances, occurrences, and events in support of the
> claim presented" and does not authorize a pleader's "bare
> averment that he wants relief and is entitled to it").

<u>Id.</u> at 556 n.3; <u>see also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).

The Court's first order, entered on January 5, 2012, directed Plaintiff to "familiarize herself with the Federal Rules of Civil Procedure and this Court's local rules." (D.E.  7 at 2.) Plaintiff was directed to ensure "that service is effected on Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure." (<u>Id.</u>)

The order entered February 17, 2012, stated:

> Pursuant to Fed. R. Civ. P. 4(h)(1), service on a corporation shall be effected in a judicial district of the United States:
>
> (A)   in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B)   by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires  – by also mailing a copy to each defendant.

(D.E. 17 at 4.)  Plaintiff's reliance on Tenn. Rule Civ. P 4.04(10) is misplaced.  Although Plaintiff addressed the service of process to individuals, the individuals served by Plaintiff were not "person[s] authorized by statute" to receive service of process for her employer.  Plaintiff's attempts at service do not constitute delivery to "an officer, a managing or general agent, or . . . any other agent authorized by appointment or by law to receive service of process."

Plaintiff's attempts at service also were not effected in the manner prescribed by Fed. R. Civ. P. 4(e)(1). Rule 4(e)(1) provides that service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located, or where service is made".  Pursuant to Tenn. R. Civ. P. 4.04(4), service shall be made

> Upon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

Tenn. R. Civ. P. 4.04(10) provides:

> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. If the defendant to be served is an individual or entity covered by subparagraph (2), (3), (4), (5), (6), (7), (8), or (9) of this rule, the return receipt mail shall be addressed to an individual specified in the applicable subparagraph. The original summons shall be used for return of service of process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute. If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.

Plaintiff's attempted service is invalid. Plaintiff did not address the service to an officer or managing agent.  Plaintiff did not serve the corporate defendant's registered agent for service of process.  Furthermore, Plaintiff has not named the proper defendant in this action.

Absent a showing of good cause to justify a failure to effect timely service, Fed. R. of Civ. P. 4(m) mandates dismissal.  See Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996); Moncrief v. Stone, 961 F.2d 595, 596 (6th Cir. 1992).  The legislative history of Rule 4(m) and Sixth Circuit case law suggest that good cause can be shown only where a defendant has intentionally evaded service. Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir. 1991); United States v. Gluklick, 801 F.2d 834, 835-37 (6th Cir. 1986); 128 Cong. Rec. H30, 929, 30, 933 n. 20 (1982).  Plaintiff has made no showing of good cause to justify the failure to effect timely service on the proper defendant.

Defendant's second motion to dismiss (D.E. 16) is GRANTED and Plaintiff's complaint is dismissed. Judgment shall be entered for Defendant.  The remaining motions (D.E. 15 & 27) are DENIED as MOOT.

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.  The good faith standard is an objective one.  Coppedge v. United States, 369 U.S.

438, 445 (1962).  The same considerations that lead the Court to grant Defendant's motion to dismiss also compel the conclusion that an appeal would fail to state a claim and would not be taken in good faith.  It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the Plaintiff would not be taken in good faith and  Plaintiff may not proceed on appeal in forma pauperis.

The decisions in McGore v. Wrigglesworth, 114 F.3d 601, 612-13 (6th Cir. 1997) and Callihan v. Schneider, 178 F.3d 800 (6th Cir. 1999) apply to any appeal filed by Plaintiff in this case.  If Plaintiff files a notice of appeal, she must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917,[3] or attempt to renew her request for leave to appeal in forma pauperis by filing "within thirty days after service of the district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with [the Sixth Circuit] for leave to proceed as a pauper on appeal."  Callihan, 178 F.3d at 803.  Under Callihan, if Plaintiff does not within this thirty-day period file the required motion or pay the filing fee, the appeal will be dismissed for want of prosecution.  If the

---

[3]     The fee for docketing an appeal is $450.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

appeal is dismissed, it will not be reinstated once the fee is

paid.  <u>Id.</u> at 804.

IT IS SO ORDERED this 24th day of August, 2012.

s/ Jon P. McCalla
_____
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE