**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: June 03, 2013

Ms. Pamela D. Farmer
8164 Oneil Drive
Millington, TN 38053

Mr. Patrick Daniel Riederer
Federal Express Corporation
3620 Hacks Cross Road
Second Floor, Building B
Memphis, TN 38125

      Re: Case No. 12-6113, *Pamela Farmer v. Fedex Express, et al*
         Originating Case No. : 2:11-cv-03109

Dear Counsel and Ms. Farmer:

  The Court issued the enclosed Order today in this case.

                Sincerely yours,

                s/Karen S. Fultz
                Case Manager
                Direct Dial No. 513-564-7036

cc: Mr. Thomas M. Gould

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 12-6113

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| PAMELA D. FARMER, | ) | **FILED** |
|  | ) | Jun 03, 2013 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| FEDEX EXPRESS; FEDEX CUSTOMER | ) | THE WESTERN DISTRICT OF |
| INFORMATION SERVICES, INC., fka FCIS, | ) | TENNESSEE |
|  | ) |  |
| Defendants-Appellees. | ) |  |

O R D E R

Before: GUY, DAUGHTREY, and WHITE, Circuit Judges.

  Pamela D. Farmer, a Tennessee citizen proceeding pro se, appeals the district court's dismissal of her civil action asserting claims of employment discrimination under Title VII of the Civil Rights Act of 1964. This case has been referred to us pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C). Upon examination, we unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

  Farmer filed a complaint on December 20, 2011, naming FedEx Express as the defendant and alleging race discrimination, color discrimination, disability discrimination, religious discrimination, and retaliation. She based her claims on conduct that allegedly took place beginning in 2007 and continued until her termination in March 2009. FedEx Express filed a motion to dismiss, arguing that Farmer sued the wrong entity in that her employer was FedEx Customer Information Services, Inc. ("FCIS"), which had since changed its name to FedEx TechConnect. In response, Farmer filed an amended complaint naming FCIS as a defendant, as well as FedEx Services, FedEx Express, and Fed Ex Corporate Services, Inc. FCIS is a wholly owned subsidiary of Fed Ex Corporate Services, Inc. She subsequently filed a response in opposition to FedEx Express's motion to dismiss. In her

Case 2:11-cv-03109-JPM-dkv   Document 54   Filed 06/03/13   Page 3 of 4   PageID 268
Case: 12-6113   Document: 006111708503   Filed: 06/03/2013   Page: 2   (3 of 4)

No. 12-6113
- 2 -

opposition, she stated that she had been employed by FedEx Express from June 1, 1992, until June 1, 2006, when FedEx Express created the subsidiary, FCIS, which employed Farmer until March 2009.

FedEx Express then filed a second motion to dismiss, arguing that Farmer's claims against the non-FCIS entities should be dismissed for failure to state a claim because none of those entities was Farmer's employer when the alleged discrimination happened. The district court found that Farmer's service of process on FedEx Express was invalid and that she was not employed by FedEx Express during the relevant time. The court accordingly granted FedEx Express's motion to dismiss. It further directed Farmer to present a proper summons to the court clerk for FCIS and informed Farmer that she was "responsible for ensuring that service is effected on Defendant FCIS pursuant to Rule 4 of the Federal Rules of Civil Procedure." Farmer executed and mailed several summons, none of which, however, she sent to any officer or agent of FCIS, FedEx TechConnect, or FedEx Corporate Services, Inc. The district court therefore dismissed her complaint for failing "to effect timely service on the proper defendant." Farmer filed a timely notice of appeal.

With respect to the non-FCIS entities, the district court did not err in dismissing Farmer's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Title VII of the Civil Rights Act of 1964, an "employer" may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Farmer failed to state a claim against the non-FCIS entities because she did not allege any facts demonstrating that any of the entities were her employer when the alleged discrimination occurred. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

On the service issue, we find no error in the district court's determination that Farmer failed to properly effect service on FCIS. However, we remand to the district court to consider Farmer's assertion that she attempted to obtain summonses to serve two other individuals, Kerry R. Williams [(*See* PageID 177.)] and G. Casey Zattler [*See* PageID 178.)], but was denied summons by the clerk's office. [(*See* PageID 186, 259.)] Based on the documentation that Farmer provides, it appears that

Case 2:11-cv-03109-JPM-dkv   Document 54   Filed 06/03/13   Page 4 of 4   PageID 269
Case: 12-6113   Document: 006111708503   Filed: 06/03/2013   Page: 3   (4 of 4)

No. 12-6113
- 3 -

Zattler was at some point a vice president at FCIS. [(*See* PageID 179.)] The district court should determine whether Farmer would have complied with the requirement under Tenn. R. Civ. P. 4.04(4) that a summons be addressed to an "officer or managing agent" of FCIS had she effected service on Zattler or Williams, and whether Farmer's attempt shows good cause for her failure to timely effect service of process.

Accordingly, the district court's judgment is affirmed in part, vacated in part, and remanded for further proceedings.

ENTERED BY ORDER OF THE COURT

Clerk