IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

PAMELA D. FARMER,                )
                                 )
        Plaintiff,               )
                                 )
vs.                              )      No. 11-3109-JPM-dkv
                                 )
FEDEX EXPRESS,                   )
                                 )
        Defendant.               )
_____

REPORT AND RECOMMENDATION
_____

On December 20, 2011, the plaintiff, Pamela D. Farmer, filed a *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.,* alleging race, color, religion, age, disability and retaliation discrimination. By order dated August 24, 2012, the presiding district judge in this case, United States District Judge Jon P. McCalla, granted the motion of FedEx Express to dismiss the complaint and the later amendment to the complaint filed by Farmer as to all the defendants named in the amendment, finding that Farmer had failed "to effect timely service on the proper defendant." The court entered judgment in favor of all defendants, and Farmer filed a timely notice of appeal with the United States Court of Appeals for the Sixth Circuit.

This case is now before the court on remand from the Sixth Circuit to consider Farmer's allegations that she was denied additional summonses by the clerk of court and that had she not been denied additional summonses she would have timely effected

service on the proper defendant, and to determine whether Farmer has shown good cause for failing to timely effect service. This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Referral, D.E. 55.) In accordance with the mandate of the court of appeals, the court established a briefing schedule to allow the parties an opportunity to submit memoranda and supporting documentation for the court's consideration.[1] After reviewing the parties' submissions, the court is of the opinion that no evidentiary hearing or oral argument is needed and submits the following findings of facts and conclusions of law.

## I. PROPOSED FINDINGS OF FACT

Farmer filed her original complaint on December 20, 2011, against only one defendant, FedEx Express. (D.E. 1.) She paid the filing fee and that day was issued a summons for FedEx Express, which she promptly served on December 22, 2011, by delivering the summons and complaint to a "Charles Ashford." (D.E. 6.)

On January 12, 2012, Federal Express Corporation a/k/a FedEx Express ("FedEx Express") filed a motion to dismiss the complaint for insufficient service of process and on the grounds that FedEx Express was not Farmer's employer during the relevant time periods.

---

[1] In the body of the briefing schedule, the court mistakenly listed Farmer's middle initial as "A." It should be "D."

(D.E. 8.) In its motion, FedEx Express alleged that Farmer was employed by FedEx TechConnect, Inc., a wholly owned subsidiary of FedEx Corporate Services, Inc., from June 1, 2006, until her termination on March 12, 2009. According to the affidavit of Clement E. Klank, III, submitted by FedEx Express in support of its motion, FedEx TechConnect, Inc. was formerly known as FedEx Customer Information Services, Inc. ("FCIS"). FCIS was incorporated on March 20, 2006, and changed its name to FedEx TechConnect, Inc. on December 1, 2010, and FCIS ceased to exist. (Klank Decl., D.E. 8-2.)

In response to the motion to dismiss, Farmer filed a pleading on January 27, 2012, entitled "Amendment to Complaint" in which she "move[d] the Court for an Amendment to Complaint due to the Plaintiff's former company's name change." (D.E. 9.) Attached to her motion to amend was a new complaint naming as defendants FedEx Customer Information Services, Inc., FedEx Services, FedEx Corporate Services, Inc.,[2] and Federal Express Corporation ("FedEx Express"). (D.E. 9-1.) She also had new summonses issued, this time addressed to P. Daniel Riederer, an attorney at Federal Express Corporation and Mary H. Beard, Senior Counsel, which summonses she returned executed on February 1, 2012. In addition, she filed a response in opposition to the motion, explaining that she was initially employed by FedEx Express in June of 1992, but in

---

[2] FedEx Corporate Services, Inc. is also known as FedEx Services, Inc., and the two are one and the same.

3

2006, her division was moved to a newly formed subsidiary named FedEx Customer Information Services, Inc. ("FCIS"). (D.E. 14 at 1.) She expressly stated that she "was never employed with FedEx TechConnect," and she did not name FedEx TechConnect as a defendant in the proposed amended complaint. (*Id.*)

On February 16, 2012, FedEx Express filed its second motion to dismiss, seeking dismissal of both Farmer's complaint and her amendment as to FedEx Express and the other FedEx subsidiaries named in her amendment. The very next day, by order dated February 17, 2012, the court granted FedEx Express's first motion to dismiss the complaint against FedEx Express for insufficient service of process and because it had never employed Farmer. (D.E. 17. ) The court also granted Farmer's motion to amend her complaint to add FCIS as a defendant and instructed Farmer to present a properly completed summons for FCIS to the clerk for issuance and to effect service on FCIS:

> Plaintiff shall immediately present the Clerk with a properly completed summons for FCIS. If the summons is in proper form, the Clerk shall sign, seal, and issue it to Plaintiff for service on Defendant. Plaintiff is responsible for ensuring that service is effected on Defendant FCIS pursuant to Rule 4 of the Federal Rules of Civil Procedure. Plaintiff shall file proof of service pursuant to Fed. R. Civ. P. 4(l).

(*Id.* at 5.) In addition, the court advised Farmer that

> "[b]lank, unsigned summons forms can be obtained from the Clerk upon written request. Any such request should include a copy of this order. Pursuant to Fed. R. Civ. P. 4(b), Plaintiff is responsible for properly filling out the summons.

(*Id.* at 5 n.1.)

Pursuant to the court's order of February 17, 2012, Farmer brought a completed summons for FCIS to the clerk's office on February 29, 2012, whereupon summons was issued by deputy clerk, Cynthia Faulk. (D.E. 19.) The summons was addressed as follows:

> Fed Ex Customer Information Services, Inc., (FCIS), FedEx Services, FedEx
> Jack Henderson, HR Strategic Advisor,
> Agent for Service
> Human Resources Employee Relations
> 50 FedEx Parkway, Building 50, 3rd Floor
> Collierville, Tennessee 38017

(*Id.*) The proof of service signed by Farmer and filed with the court on March 6, 2012, stated that service was made by certified mail, restricted delivery, return receipt requested on "AGENT FOR SERVICE: Jack Henderson." (*Id.*) Also, on March 6, 2012, the clerk's office, by and through deputy clerk Faulk, issued two more summonses to Farmer, one for "AGENT FOR SERVICE: CATHERINE Banks, Human Resources Manager, FedEx Express" and the other for "AGENT FOR SERVICE: Genia Seavers, FedEx Services - HR." (D.E. 22; D.E. 23.)

On February 29, 2012, Farmer filed a response to FedEx Express's second motion to dismiss, essentially arguing that FedEx Express employed her initially in 1992 and remained her employer throughout her entire tenure, that the incorporations of subsidiaries and name changes did not affect this, and that she had properly served FedEx Express. (D.E. 18.)

By order dated August 24, 2012, the presiding district judge in this case, United States District Judge Jon P. McCalla, granted

5

the second motion of FedEx Express to dismiss the complaint and later amendment to the complaint filed by Farmer as to all the defendants named in the amendment, finding that Farmer had failed "to effect timely service on the proper defendant." The court entered judgment in favor of all defendants, and Farmer filed a timely notice of appeal.

Within three weeks of the entry of judgment, Farmer filed a document that was docketed as Farmer's second response to FedEx Express's second motion to dismiss in which she asked the court not to dismiss her complaint. (D.E. 35.) Thereafter, she filed a motion for reconsideration. (D.E. 40.) In both these pleadings, Farmer claimed that the clerk's office had refused to issue her summonses for Williams and Zettler. (*See* D.E. 35 (stating that "summons for Kerry R. Williams - Managing Director, George Casey Zetter [sic] -VP Customer Supt. suits were refused by court clerk's office staff member Cynthia Faulk on February 29, 2012 stating she was informed by chambers that plaintiff could not submit anymore summons, this statement was witnessed by Donald Farmer.")) The court dismissed both these postjudgment motions because Farmer had filed a notice of appeal with the Sixth Circuit.

By order dated June 3, 2013, the court of appeals affirmed the judgment of the district court in part, vacated in part, and remanded this case for further proceedings. The court of appeals upheld the dismissal of FedEx Express (and the non-FCIS entities) and upheld the district court's determination that Farmer had

6

failed to properly effect service on FCIS but remanded to the district court "to consider Farmer's assertion that she attempted to obtain summonses to serve two other individuals, Kerry R. Williams and G. Casey Zattler [sic], but was denied summons [sic] by the clerk's office . . . and determine whether Farmer would have complied with the requirement under Tenn R. Civ. P. 4.04(4) that a summons be addressed to an 'officer or managing agent' of FCIS had she effected service on Zattler [sic] or Williams, and whether Farmer's attempt shows good cause for her failure to timely effect service of process." (Order of USCA, D.E. 54.)

On remand, the court issued a briefing schedule setting a deadline for the parties to submit additional memoranda and documentation supporting their positions. All the parties have done so.

## II. PROPOSED CONCLUSIONS OF LAW

The only issues before the court are whether the clerk refused to give Farmer additional summonses requested by her, whether Farmer would have effected timely service of process on her employer if the requested summonses had been provided, and whether Farmer has shown good cause for failing to effect timely service of process.

Rule 4(m) of the Federal Rules of Civil Procedure requires a defendant to be served within 120 days of the filing of the the complaint. If a plaintiff fails to effect timely service, the court must dismiss the action unless "the plaintiff shows good

cause for the failure." FED. R. CIV. P. 4(m). The burden is on the plaintiff to establish good cause. *Nafzier v. McDermott Intel, Inc.,* 467 F.3d 514, 521 (6th Cir. 2006).

Farmer previously alleged, after judgment was entered, that the clerk's office refused on February 29, 2012, to issue her summonses for Williams, a manager of FedEx TechConnect f/k/a FCIS, and Zettler, an officer of FedEx TechConnect f/k/a FCIS. In their brief, the defendants concede that Zettler was a proper agent for service of process for FedEx TechConnect f/k/a FCIS. Despite her allegations, Farmer has failed, however, to come forward with any proof that the clerk's office refused to issue her summonses for Zettler. Her brief, for the most part, simply reargues her position that she was employed by FedEx Express, that she properly served FedEx Express, that she properly served Mary Beard, attorney for FCIS, and that she was subject to discrimination. She offers no proof, such as properly completed summonses for Zettler and Williams or any sworn statements as to the events that transpired, on the issues before the court.

Moreover, the record in this case does not support a finding of good cause. Farmer was issued five separate summonses in this case, although none of them were issued to officers or managing agents of FedEx TechConnect f/k/a FCIS. On the very day in question, the docket sheet indicates that a summons prepared by her was issued at her request to FCIS addressed to Jack Henderson, HR Strategic Advisor, Agent for Service. The docket sheet further

reflects that the next week, the clerk's office issued two more summonses to Farmer on March 6, 2012, despite her assertions that the clerk's office refused to issue any more summonses on February 29, 2012. It further appears from her arguments in her brief that she believed she had properly served FCIS.

Nor did Farmer ever petition the court for additional summonses or seek additional time to serve summonses on FedEx TechConnect f/k/a FCIS. Rather, Farmer waited over seven months before even mentioning the alleged refusal by the clerk to issue summonses for Williams and Zettler.

In sum, Farmer has failed to come forward with any facts or evidence to demonstrate good cause and justify her failure to timely effect service of process on FCIS or FedEx TechConnect.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that Farmer's complaint be dismissed for failure to timely effect service on FedEx TechConnect f/k/a FCIS and for failure to show good cause for failing to timely effect service.

Respectfully submitted this 22nd day of July, 2013.

> s/ Diane K. Vescovo
> Diane K. Vescovo
> United States Magistrate Judge

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.